**No. 58461.**—Philadelphia Brokerage Co. *v.* United States, protest 207786–K (Philadelphia).

Opinion by JOHNSON, J. It appeared from the official papers that the merchandise was entered for warehouse on or about June 1, 1944, and that the entry was liquidated on December 16, 1944. The entry was reliquidated on May 16, 1952, and the protest was filed against said reliquidation. At the trial, it was stipulated that 4,692 wine gallons of brandy were actually withdrawn and that if the collector now had the merchandise and entry before him, he would assess duty and taxes upon the basis of 4,692 wine gallons. In view of the stipulation and for the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiff was sustained, and the collector was directed to re-reliquidate the entry accordingly.

**No. 58462.**—Astoria Pan Americana, Inc., and J. J. Boll *v.* United States, protests 184423–K, 184424–K, and 194733–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of ficin powder or *leche de oje en polvo* the same in all material respects as that the subject of *Astoria Pan-Americana, Inc.* v. *United States* (32 Cust. Ct. 243, C. D. 1608), the claim of the plaintiffs was sustained.

**No. 58463.**—Astoria Pan Americana, Inc., and J. J. Boll *v.* United States, protests 208236–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of ficin powder or *leche de oje en polvo* the same in all material respects as that the subject of *Astoria Pan-Americana, Inc.* v. *United States* (32 Cust. Ct. 243, C. D. 1608), the claim of the plaintiffs was sustained.

**No. 58464.**—Astoria Pan Americana, Inc., and J. J. Boll *v.* United States, protests 211932–K, etc. (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of ficin powder or *leche de oje en polvo* the same in all material respects as that the subject of *Astoria Pan-Americana, Inc.* v. *United States* (32 Cust. Ct. 243, C. D. 1608), the claim of the plaintiffs was sustained.

**No. 58465.**—George H. Beurhaus Co. and Hoyt, Shepston & Sciaroni v. United States, protests 201803–K and 202935–K (San Francisco).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of pumpkin seed kernels the same in all material respects as those the subject of *George Beurhaus Co.* and *Hoyt, Shepston & Sciaroni* v. *United States* (32 Cust. Ct. 269, C. D. 1612), the claim of the plaintiffs was sustained.

OCTOBER 29, 1954

**No. 58466.**—SUIT 4778.—United States v. Paul A. Straub & Co., Inc.—

—A. R. D. 20 reversed February 3, 1954.   C. A. D. 553.

BEFORE THE FIRST DIVISION, NOVEMBER 4, 1954

**No. 58467.**—Han Binzer Music House and Ad. M. Schmid & Co. v. United States, protest 222341–K (New York).

OLIVER, Chief Judge:   This case relates to certain musical instruments that are described on the invoice as "1 Clavichord Modell '33'," and "1 Cembalo Modell 'Cristofori'," which the collector considered as stringed instruments. They were classified under the provision in paragraph 1541 (a) of the Tariff Act of 1930, for "Musical instruments, and parts thereof, not specially provided for," with a duty assessment at the rate of 40 per centum ad valorem.   Plaintiffs claim that the merchandise is properly classifiable either under the provision for "pianos" in paragraph 1541 (a) of the Tariff Act of 1930, as modified by T. D. 52739, or as percussion instruments under paragraph 1541 (a), as modified by T. D. 51802, supplemented by T. D. 51909.   The dutiable rate under both of the said provisions is 20 per centum ad valorem.

The importer of the present merchandise, who, for 20 years, has been a dealer and importer of musical instruments, stated that "Cembalo" is a German word for "harpsichord," and that the two instruments under consideration are, in fact, a clavichord and a harpsichord, which he has sold under their respective names all over the United States throughout his entire experience.   The witness' testimony is directed entirely toward showing the similarities of the two instruments in question and the piano.   His testimony establishes that the clavichord, the harpsichord, and the piano are keyboard instruments.   All employ keys that actuate so-called "hammers" which strike metal strings tuned to a definite pitch to produce musical tones.   The distinction between the clavichord and the harpsichord is in the manner in which the "hammers" operate and strike the strings in the two different instruments.   In the clavichord, the strings are struck